# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE BELIZE BANK LIMITED, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:14-CV-00659 (APM) |
| ) | |
| THE GOVERNMENT OF BELIZE, ) | |
| ) | |
| Respondent. ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner The Belize Bank Limited ("BBL") hereby provides notice of a June 24, 2015 Memorandum Opinion (the "Opinion") in *BCB Holdings Limited and The Belize Bank Limited v. The Government of Belize*, No. 1:14-cv-01123 (D.D.C.) (Kollar-Kotelly, J.), a proceeding similar to this one, to confirm an arbitration award issued by the London Court of International Arbitration ("LCIA") against The Government of Belize ("GOB"). In the Opinion, Judge Kollar-Kotelly granted the petition to confirm the award and ordered that judgment be entered against the GOB for the amounts awarded by the LCIA, including pre- and post-judgment interest.[1] Opinion at 23-24. The court also denied the GOB's motion to dismiss the petition to confirm the arbitral award. *Id.*

The Opinion is relevant to the issues in this case because it involves the same parties, similar facts, and many of the same issues and defenses.

---

[1] On June 25, 2015, the GOB filed a notice of appeal of the district court's Opinion and accompanying Order. *See BCB Holdings Limited et al.*, No. 1:14-cv-01123 (CKK) (D.D.C.), Dkt. No. 44.

As in this case, the GOB contested the applicability of the New York Convention[2] and the court's subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). Judge Kollar-Kotelly found that "[b]oth the United States and England [the place where the award was rendered] are parties to the New York Convention, and thus, the New York Convention applies." *Id.* at 10. The court then considered and rejected the same subject matter jurisdiction arguments that the GOB has made here, namely, "that the FSIA exception to sovereign immunity for arbitration governed by an international treaty does not apply, and the former Prime Minister [of Belize] lacked authority to enter into the initial agreement with [Petitioner], and consequently, Belize did not agree to arbitrate." *Id.* at 11. The court also rejected the GOB's personal jurisdiction argument as having no basis under controlling D.C. Circuit law. *See id.* at 12.

The district court also adjudicated other issues and defenses raised by the GOB that have also been raised here, including the following:

- **The effect of the July 26, 2013 decision of the Caribbean Court of Justice ("CCJ").** The court found that the CCJ's decision did not preclude enforcement of the award in the United States under the New York Convention because "[a]s England is the country with primary jurisdiction, only an English court may set aside the arbitral award issued by the LCIA. Consequently, although the CCJ decided not to enforce the award, its decision to do so does not hold preclusive effect on this court." *Id.* at 16. The court therefore rejected the GOB's arguments based on the doctrines of *res judicata*, collateral estoppel, and international comity. *Id.* at 14.

---

[2] Convention on Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2157 (entered into force December 29, 1970) (the "New York Convention").

- **Whether dismissal is warranted on *forum non conveniens* grounds.**  The court rejected the GOB's argument that Belize constituted an adequate alternative forum. As the court explained, under controlling D.C. Circuit precedent, "there is no alternative forum that has jurisdiction to attach the commercial property of a foreign nation located in the United States." *Id.* at 16-17 (citing *TMR Energy Ltd. v. State Property Fund of Ukraine*, 411 F.3d 296, 303 (D.C. Cir. 2005)).

- **Whether enforcement of the award should be denied pursuant to Article V(1)(a) of the New York Convention.**  As in this case, the GOB argued that the parties' Settlement Deed was invalid under Belizean law because the former Prime Minister allegedly did not have authority to enter into that agreement, thus rendering the parties' arbitration clause void and precluding enforcement under Article V(1)(a). *See* Opinion at 18.  The court rejected this argument on the merits, stating that "[c]ontrary to the GOB's assertion that the arbitration clause cannot be severed from the contract in this manner . . . , it is settled law that 'an arbitration provision is severable from the remainder of the contract.'"  *Id.* at 20 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006)).

- **Whether enforcement of the award should be denied on grounds of public policy under Article V(2)(b) of the New York Convention**.  The court rejected the same public policy defense that the GOB has made in this case.  Specifically, the GOB argued that confirmation of the award "should be denied because the Award violates the public policy of the United States against government corruption." *Id.* at 22.  The court found that the GOB had failed to meet its burden to identify "an explicit or well-defined U.S. public policy that, if violated, would offend the most basic notions

3

of morality and justice." *Id.* at 23.  In addition, the court observed that the public policy relied upon by the GOB "implicates the politics of a foreign nation.  Article V(2)(b) was not meant to enshrine the vagaries of international politics under the rubric of 'public policy.'" *Id.* (quoting *Parsons v. Whittemore Overseas Co., Inc. v. Societe Generale De L'Industrie Du Papier (RAKTA)*, 508 F.2d 969, 974 (2d Cir. 1974)).

- **Whether the award should be converted into United States dollars and whether pre- and post-judgment interest should be awarded.**  The court ordered that the monetary relief in the award be converted into United States dollars as of the date of the award, explaining that "[c]onversion of foreign currency into dollars at judgment 'is the norm, rather than the exception.'"  *Id.* at 23 (quoting *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 158 (D.D.C. 2013), *aff'd*, 2015 WL 233385 (D.C. Cir. Jan. 16, 2015)).  The court also ordered the GOB to pay pre- and post-judgment interest on the award, "because doing so is 'consistent with the underlying arbitration award.'" *Id.* at 24 (quoting *Cont'l Transfert*, 932 F. Supp. 3d at 164).

Copies of the June 24, 2015 Opinion and accompanying Order are attached for the Court's convenience as Exhibits A and B, respectively.

Dated: June 29, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Louis B. Kimmelman
    Louis B. Kimmelman
    DC Bar Number: NY0179

Dana C. MacGrath
DC Bar Number: NY0180
787 Seventh Avenue
New York, New York 10019
bkimmelman@sidley.com
dmacgrath@sidley.com
Telephone: (212) 839-5200
Facsimile: (212) 839-5599

Kristin Graham Koehler
DC Bar Number: 464422
1501 K Street NW
Washington, DC 20005
kkoehler@sidley.com
Telephone: (202) 736-8359
Facsimile: (202) 736-8711

*Counsel for Petitioner*
The Belize Bank Limited

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on June 29, 2015, I caused to be filed electronically the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system and accomplished service via the same.

             /s/ Louis B. Kimmelman
             Louis B. Kimmelman