**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE BELIZE BANK LIMITED | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 1:14-CV-00659 (APM) |
| v. | ) | |
| | ) | |
| THE GOVERNMENT OF BELIZE | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT GOVERNMENT OF BELIZE'S RESPONSE
TO PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Respondent, Government of Belize ("GOB"), hereby responds to the Notice of

Supplemental Authority [Dkt. 33] filed by Petitioner, The Belize Bank Limited ("Petitioner")

regarding the June 24, 2015, Memorandum Opinion ("Decision") entered in *BCB Holdings*

*Limited et al. v. The Government of Belize*, No. 1:14-cv-01123 (D.D.C.) ( the "*BCB Holdings*

Decision").

Petitioner has not simply filed a copy of the Decision.  Instead, in its notice, Petitioner

has provided briefing setting forth its interpretation of the *BCB Holdings* Decision, without first

obtaining leave of court.  The D.C. District Court's Local Rules do not authorize supplemental

briefing without leave.  Petitioner's Notice of Supplemental Authority should be stricken.

Petitioner contends that *BCB Holdings* is a "related" case.  [Dkt. 33 at 1.]  Local Civil

Rule 40.5(b)(2) and (3) requires that any party notify the Court of a related case at the time of

filing a complaint or petition or, at the latest, as soon as the attorney for the party becomes aware

of the existence of the related case.  Because Petitioner never notified this Court that *BCB*

*Holdings* was a related case, it is estopped from claiming that *BCB Holdings* is a related case merely because it wishes this Court to duplicate the result.

Petitioner also fails to note that the *BCB Holdings* Decision has been appealed, and that the appeal is pending. *See BCB Holdings* Notice of Appeal, attached hereto as Exhibit A. The *BCB Holdings* Decision has been appealed because the court in that matter did not consider many of the arguments raised and authorities cited by GOB, and instead relied on general arbitration law principles that are inapplicable where the action involves claims of sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605 ("FSIA").

Even if this Court were to consider the *BCB Holdings* Decision, Petitioner's argument that the Decision is determinative of issues in this case is plainly wrong.

## I.      THE *BCB HOLDINGS* DECISION ERRED IN HOLDING THAT GOB COULD NOT RAISE PROCEDURAL DEFENSES.

Petitioner, citing the *BCB Holdings* Decision, argues that this Court should not consider GOB's procedural defenses, including international comity, *forum non conveniens*, and lack of personal jurisdiction. The *BCB Holdings* Decision reflects a misunderstanding of the controlling authority and is contrary to binding D.C. Circuit precedent. It therefore does not provide any guidance on the subject for this Court.

The *BCB Holdings* Decision incorrectly concluded that the only defenses to an action brought under New York Convention are those set forth in Article V of the Convention. This holding is directly contrary to controlling D.C. Circuit authority. In *GSS Group Ltd v. National Port Authority*, 680 F.3d 805 (D.C. Cir. 2012), the D.C. Circuit clearly held that "[t]he Convention obligates each contracting state to 'recognize [foreign] arbitral awards as binding and enforce them *in accordance with' local procedural law. Id.* art. III." *Id*. at 811 (emphasis added); *accord TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 934 (D.C. Cir. 2007)

("The basic understanding of the New York Convention is that '[e]ach Contracting State shall recognize arbitral awards as binding and enforce them in accordance with *the rules of procedure of the territory where the award is relied upon …'*") (emphasis added).  Therefore, this Court may properly consider the procedural defenses raised by GOB.  *GSS Group* and *TermoRio* are binding precedent; the *BCB Holdings* Decision is not.[1]

The *BCB Holdings* Decision makes no mention of *GSS Group* and *TermoRio*, and instead cites an older case, *Yusuf Ahmed Alghanim & Sons, W.I.L. v. Toys "R Us, Inc.*, 126 F.3d 15, 20 (2d Cir. 1997).  *Alghanim* is not contrary to *GSS Group* and *TermoRio*; it addressed a different issue.  *Alghanim* held that "the grounds in Article V of the Convention are the only grounds *for setting aside* an arbitral award." *Id.* at 20 (emphasis added).  However, GOB did not seek to s*et aside* the arbitration award in the *BCB Holdings* case, nor does it ask this Court to do so.  Rather, GOB asks this Court to *refuse to enforce* the award on various procedural grounds, which this Court may do pursuant to *GSS Group* and *TermoRio*.[2]

---

[1]      *Accord, In re Arbitration between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 496 (2d Cir. 2002) ("It seems clear, moreover, that the drafters of the Convention, by allowing for the application of 'the rules of procedure where the award is relied upon,' Convention art. III, contemplated that different procedural rules would be applied in the courts of the various signatory nations."; "Accordingly, Monde Re's argument that Article V of the Convention sets forth the only grounds for refusing to enforce a foreign arbitration award must be rejected."; "The doctrine of *forum non conveniens*, a procedural rule, may be applied in domestic arbitration cases brought under the provisions of the Federal Arbitration Act, *see, e.g., Matter of Arbitration Between Maria Victoria Naviera, S.A. v. Cementos Del Valle, S.A.,* 759 F.2d 1027, 1031 (2d Cir. 1985), and it therefore may be applied under the provisions of the Convention.").  *See also Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru,* 665 F.3d 384, 389-394 (2d Cir. 2011) (dismissing action to enforce arbitration award pursuant to doctrine of *forum non conveniens*).

[2]      In fact, the *BCB Holdings* Decision is internally inconsistent because it holds that local procedural laws do not apply at pages 7 through 8, yet at pages 13 through 14, applies procedural tolling principles to the New York Convention's three-year statute of limitations, despite that the fact that the Convention contains no tolling provision.

II.     **THE CARIBBEAN COURT OF JUSTICE DECISION IS DIRECTLY RELEVANT TO THIS CASE.**

Petitioner also cites the *BCB Holdings* Decision for the proposition that the Caribbean Court of Justice ("CCJ") decision, which refused to enforce an arbitration award on the grounds that the former Belizean Prime Minister lacked authority to execute the agreement containing the arbitration clause, is somehow "irrelevant" to this case.   Petitioner argues that only a court of "primary jurisdiction" – that is, a court located in the jurisdiction in which the arbitration took place – may set aside the award.   Although it is true that the CCJ – and this Court – lack authority to *set aside* the arbitration award, they may still *refuse to enforce it* under the New York Convention.   Setting aside an arbitration award and refusing to enforce it are two different actions, with very different legal rules.   Because local procedural laws apply in Convention *enforcement* actions, this Court may refuse to enforce the arbitration award based on grounds of collateral estoppel, *res judicata*, *forum non conveniens* and/or international comity.

The *BCB Holdings* Decision relied on *Belize Social Development Ltd. v. Government of Belize*, 668 F.3d 724 (D.C. Cir. 2012), in concluding that local procedural law principles could not be the basis for refusing to enforce a foreign arbitration award.   This represents a misreading of *Belize Social Development Ltd.*   In that case, the D.C. Circuit held that parallel proceedings in Belize were not a basis to *stay* a confirmation action in the United States.   *Id.* at 731.   Whether *enforcement* of the arbitration award could be refused under the New York Convention based on local procedural laws was not before the D.C. Circuit in that case.   Petitioner again confuses two different issues.

### III.    THE *BCB HOLDINGS* DECISION DID NOT ANALYZE THE SUBSTANCE OF THE PROCEDURAL ISSUES RAISED BY GOB, AND THEREFORE PROVIDES NO GUIDANCE TO THIS COURT.

In its motion to dismiss Petitioner's petition to confirm at pages 7 through 14, GOB argues that it has sovereign immunity under the FSIA and that the FSIA's arbitration exception does not apply because the former Prime Minister lacked *actual authority* to execute the subject agreement containing the arbitration clause.  Under the prevailing view set forth in *Phaneuf v. Republic of Indonesia*, 106 F.3d 302 (9th Cir. 1997), because the former Prime Minister lacked actual authority to enter into the agreement, *no part of the agreemen*t – *including the arbitration clause* – can be imputed to GOB for purposes of the FSIA determination.  Because there was no agreement to arbitrate, the arbitration exception is inapplicable.

Judge Howell recently followed *Phaneuf* in *TJGEM LLC v. Republic of Ghana et al.*, 26 F.Supp.3d 1 (D.D.C. 2013), *aff'd*, 2015 WL 3653187 (D.C. Cir. June 9, 2015).  The D.C. Circuit recently affirmed that decision.  (A copy of the D.C. Circuit's opinion is attached hereto as Exhibit B.)

The *BCB Holdings* Decision made no mention of *Phaneuf* and did not consider it.  As a result, the *BCB Holdings* Decision incorrectly concluded that the FSIA arbitration exception applied without ever engaging in the analysis of whether the former Prime Minister who signed the arbitration agreement had actual authority to do so.  The issue is not whether the dispute was arbitrable, as the *BCB Holdings* Decision incorrectly states at page 11, but *whether there was a valid agreement to arbitrate* – a prerequisite to application of the FSIA's arbitration exception. By conflating the FSIA determination with the merits analysis (under Article V), the *BCB Holdings* Decision also ignored GOB's contention, made in this case in GOB's motion to dismiss at pages 14 through 18, that the Federal Arbitration Act's severability rule is inapplicable to the FSIA analysis, because the FSIA contains no severability provision.

In its motion to dismiss at pages 23 through 26, GOB argues that this action must be dismissed based on *forum non conveniens* grounds.  GOB recognizes that D.C. Circuit held in *TMR Energy, Ltd. v. State Property Fund of Ukraine*, 411 F.3d 296, 303 (D.C. Cir. 2005), that there can be no adequate alternative forum where a plaintiff seeks to attach assets in the United States.  However, *TMR Energy* is no longer controlling law because it conflicts with the Supreme Court's more recent decision in *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422 (2007).  The *BCB Holdings* Decision (at page 23) held that there is no conflict between *Sinochem* and *TMR Energy* because *Sinochem* addressed a "timing" issue: when the *forum non conveniens* determination is made.  However, that misses GOB's point.  In *Sinochem*, the Supreme Court also held that "[a] federal court has discretion to dismiss a case on the ground of *forum non conveniens* '*when an alternative forum has jurisdiction to hear [the] case....*'" *Sinochem*, 549 U.S. at 429 (emphasis added).  In other words, the Supreme Court has made it plain that the *only* condition on a federal court's discretion to dismiss a case based on *forum non conveniens* is that the alternative forum must have "jurisdiction to hear the case," not whether the assets sought to be used to satisfy any award are located in that forum.  Consequently, *Sinochem* effectively overruled *TMR Energy*.

In its motion to dismiss at pages 30 through 33, GOB argues that this action must be dismissed based on international comity grounds in light of the CCJ Decision holding that it would be against public policy to recognize a similar arbitration award arising from an agreement signed by the same former Belizean Prime Minister without actual authority.  The *BCB Holdings* Decision does not address this point head-on, but again relies on the "courts of primary jurisdiction" argument.  That argument, as discussed above, is misplaced because GOB is not asking to set aside or vacate the award in either case.  Rather, abstention based on

international comity grounds is required in this *enforcement* action because, should this Court confirm the award, there would be an *actual conflict* with the CCJ decision, which sets forth the law in Belize.  *See In re Maxwell Comm. Corp.,* 93 F.3d 1036, 1049 (2d Cir. 1996*).*

In its motion to dismiss at pages 26 through 30, GOB also argues that this action must be dismissed for lack of personal jurisdiction.  The argument need not be repeated here.  In sum, GOB argues that the protections of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), should be extended to foreign sovereigns regardless of whether they are "persons." That contention was never addressed in the *BCB Holdings* Decision.

### IV.   THE *BCB HOLDINGS* DECISION'S ANALYSIS OF THE NEW YORK CONVENTION IS LEGALLY ERRONEOUS AND INAPPOSITE.

Petitioner argues that, with respect to the defense in Article V(1)(a) of the Convention, *BCB Holdings* held that the arbitration provision is severable from the remainder of the contract. This conclusion is erroneous and should not be followed by this Court.  First, as noted above, the FSIA does not contain a severability provision.  Therefore, one cannot be imputed into the FSIA because the FSIA "provides the sole basis for obtaining jurisdiction over an action against a foreign state in federal court."  *Argentine Republic v. Amerada Hess Shipping Co.,* 488 U.S. 428, 439 (1989).   Thus, as in *Phaneuf*, the Court has a duty to examine the *actual authority* of the former Prime Minister as part of the sovereign immunity determination – regardless of whether it has such a duty as part of the merits determination under Article V(1)(a).  Second, the severability holding in the *BCB Holdings* Decision is irrelevant here.  GOB does not oppose confirmation in this action under Article V(1)(a).  Instead, in its Response to the Petition [Dkt 13 at pp. 26 - 30], GOB opposes confirmation under Article *V(1)(d)* for the different reasons that the arbitral authority was not composed in accordance with the arbitration provision (assuming that

it were valid for purposes of the merits determination) and that an arbitrator was not disqualified despite his appearance of partiality and refusal to disclose information.

Petitioner also cites the *BCB Holdings* Decision for the proposition that corruption is not grounds to refuse confirmation under Article V(2)(b) of the New York Convention.  The *BCB Holdings* Decision is wrong on this point as well.  The *BCB Holdings* Decision wholly ignores the holding of the United States Supreme Court, in a case specifically involving the FSIA, that "combating public corruption is *a significant international policy*."  *Republic of Philippines v. Pimentel*, 553 U.S. 851, 869 (2008) (emphasis added).  Thus, the Supreme Court has clearly recognized the existence of a public policy against governmental corruption.  *Pimentel*, and not *BCB Holdings*, is the controlling authority.  Consequently, this Court may indeed deny confirmation based on Article V(2)(b) because the unauthorized acts of the former Prime Minister in executing the agreement containing the subject arbitration clause are contrary to the significant international policy against public corruption.  It is against U.S. policy for federal courts to aid or endorse foreign public corruption – which is exactly what Petitioner asks this Court to do.

## V.    IF THIS COURT CONSIDERS THE *BCB HOLDINGS* DECISION, IT SHOULD ALSO CONSIDER *TJGEM, LLC V. REPUBLIC OF GHANA*.

Should this Court take the decision in *BCB Holdings* into consideration, it should also consider the decision of Judge Howell in *TJGEM LLC v. Republic of Ghana et al.*, 26 F.Supp.3d 1 (D.D.C. 2013), and the D.C. Circuit's affirmance of that decision in *TJGEM LLC v. Republic of Ghana et al.*, No. 14-7036, 2015 WL 3653187 (D.C. Cir. June 9, 2015) (attached hereto as Exhibit B).  In *TJGEM LLC*, the D.C. Circuit affirmed Judge Howell's holding, following *Phaneuf*, that a federal court lacks subject matter jurisdiction over a foreign sovereign under the

FSIA where the party purportedly acting on behalf of the foreign sovereign lacked actual authority to do so.  Judge Kollar-Kotelly in *BCB Holdings* did not engage in such an analysis.

Employing the required *Phaneuf* analysis in this case leads to the conclusion that GOB has sovereign immunity because the former Prime Minister lacked actual authority to enter into the agreement containing the arbitration clause.  Under the Belize Constitution, only the Belize National Assembly could have entered into such an agreement.  Because the entire agreement at issue – including the arbitration provision – is void *ab initio*, the FSIA's  arbitration exception is inapplicable.  Sovereign immunity therefore applies to GOB in this case.

Dated:  July 3, 2015

Respectfully submitted,

/s/ *Creighton R. Magid*
CREIGHTON R. MAGID
Dorsey & Whitney LLP
1801 K Street, NW, Suite 750
Washington, DC 20006
(202) 442-3555
magid.chip@dorsey.com

JUAN C. BASOMBRIO (admitted *pro hac vice*)
Dorsey & Whitney LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626
(714) 800-1405
basombrio.juan@dorsey.com

Counsel for Respondent
**GOVERNMENT OF BELIZE**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 3, 2015, I caused to be filed electronically the

foregoing RESPONDENT GOVERNMENT OF BELIZE'S RESPONSE TO PETITIONER'S

NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of Court for the United States

District Court for the District of Columbia using the CM/ECF system and accomplished service

via the same.


*/s/ Creighton R. Magid*
Creighton R. Magid