UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE BELIZE BANK LIMITED, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> THE GOVERNMENT OF BELIZE, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. 1:14-CV-00659 (APM) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner The Belize Bank Limited ("BBL") hereby provides notice of a July 21, 2015 Opinion (the "Opinion") of the U.S. Court of Appeals for the District of Columbia Circuit in *Belize Soc. Dev. Ltd. v. Gov't of Belize*, affirming a judgment that confirmed an arbitration award issued by the London Court of International Arbitration ("LCIA") against The Government of Belize ("GOB") and that has been cited in the papers in this case. *See Belize Soc. Dev. Ltd. v. Gov't of Belize*, 5 F. Supp. 3d 25 (D.D.C. 2013) (Leon, J.). Both the Opinion and district court's decision are relevant to the issues in this case because they involve similar facts and many of the same issues and defenses that the GOB raises here.

As in this case, the GOB contested the court's subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA").

The D.C. Circuit considered and rejected the GOB's argument that the requirements of the FSIA arbitration exception under 28 U.S.C. § 1605(a)(6) were not satisfied. The D.C. Circuit explained that "[i]n order to succeed in its claim that there was no 'agreement made by the foreign state . . . to submit to arbitration,' Belize must show that the Prime Minister lacked authority to enter into the arbitration agreement. This Belize has failed to do." Opinion at 7

(quoting 28 U.S.C. § 1605(a)(6)). As a result, the D.C. Circuit found that it had no basis to reach the merits of the GOB's defense that the parties' Accommodation Agreement was void. *See id.* at 8 ("Since Belize has not negated the [arbitration] clause, we do not reach the merits defense.").

The D.C. Circuit also rejected additional grounds for dismissal that the GOB presents here, and found that "[t]hese arguments were adequately discussed and rejected by the district court." *Id.* at 12. *See* 5 F. Supp. 3d at 33 n.7 (lack of personal jurisdiction); *id.* at 34 (*forum non conveniens*); *id.* at 35 (international comity); *id.* at 39 (validity of arbitration agreement under New York Convention Art. V(1)(a)); *id.* at 42-43 (public policy exception under New York Convention Art. V(2)(b)).

Copies of the D.C. Circuit's July 21, 2015 Opinion and the decision of the district court are attached for the Court's convenience as Exhibits A and B, respectively.

Dated: July 22, 2015

                                        Respectfully submitted,

                                        SIDLEY AUSTIN LLP

                                        By: /s/ Louis B. Kimmelman  
                                              Louis B. Kimmelman  
                                              DC Bar Number: NY0179

                                        Dana C. MacGrath  
                                        DC Bar Number: NY0180  
                                        787 Seventh Avenue  
                                        New York, New York 10019  
                                        bkimmelman@sidley.com  
                                        dmacgrath@sidley.com  
                                        Telephone: (212) 839-5200  
                                        Facsimile: (212) 839-5599

Kristin Graham Koehler
DC Bar Number: 464422
1501 K Street NW
Washington, DC 20005
kkoehler@sidley.com
Telephone: (202) 736-8359
Facsimile: (202) 736-8711

*Counsel for Petitioner*
The Belize Bank Limited

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 22, 2015, I caused to be filed electronically the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system and accomplished service via the same.

    /s/ Louis B. Kimmelman
    Louis B. Kimmelman