UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE BELIZE BANK LIMITED** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**THE GOVERNMENT OF BELIZE** )<br>)<br>**Respondent.** )<br>) | Civil Action No. 1:14-CV-00659 BAH |

### RESPONSE OF GOVERNMENT OF BELIZE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner Belize Bank Limited ("Belize Bank") has provided notice to this Court of the D.C. Circuit's July 21, 2005, opinion in *Belize Social Development Ltd. v. Gov't of Belize* ("*BSDL*").

The Government of Belize ("GOB"), Respondent in this action, hereby informs the Court that it expects to file a Petition for Rehearing *En Banc* in *BSDL*.

One critical issue in *BSDL* was whether an agreement with a foreign sovereign that is void *ab initio* means that any arbitration provision within the void agreement is likewise void. The *BSDL* panel concluded that "[a]s we have previously noted," an agreement to arbitrate is separate from the obligations under the remainder of the contract, citing *Marra v. Papandreou*, 216 F.3d 1119 (D.C. Cir. 2000), and *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967). Neither the panel nor the cited cases addresses the critical distinction that, unlike the Federal Arbitration Act, the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330 *et seq*. ("FSIA"), does not contain a severability provision.

The Supreme Court in *Prima Paint* held that an arbitration clause was severable from the underlying contract, but did so specifically based on language in section 4 of the Federal

Arbitration Act, which provides that "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  In other words, the Supreme Court did not hold that arbitration clauses are severable from the contracts in which they are contained as a general principle, but rather because of the specific language of the FAA.

By contrast, the FSIA contains no such language, meaning that the basis for the holding in *Prima Paint* is not present in the FSIA context.  The Supreme Court made it plain in *Rep. of Argentina v. NML Capital, Ltd.*, 134 S.Ct. 2250 (2014), that the FSIA was a "'comprehensive set of legal standards governing claims of immunity in every civil action against a foreign state'" and emphasized that "the key word there . . . is *comprehensive*."  *Id*. at 2255 (quoting *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 488 (1983) (emphasis in original).  The Court in *NML Capital* said that any issue arising under the FSIA "must stand on the Act's text.  Or it must fall."  *Id*. at 2256.  Because the FSIA does not include any severability language pertaining to arbitration agreements, and because *NML Capital* is plain that concepts from other statutes may not be imported into FSIA determinations, *Prima Paint* is inapplicable.  *Marra*, which concerned the severability of forum selection clauses, merely cites *Prima Paint* in a footnote and offers no separate analysis of the severability of arbitration provisions.

The BSDL panel wholly failed to address the *forum non conveniens* issue raised by GOB, and the conflict between the District Court's holding (and the D.C. Circuit's holding in *TMR Energy Ltd. v. State Property Fund of Ukraine*, 411 F.3d 296 (D.C. Cir. 2005), which the District Court was binding precedent) and the Supreme Court's opinion in *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007).

In *Sinochem*, the Supreme Court reiterated its long-standing principle that a District Court's discretion to dismiss a case against a foreign sovereign on *forum non conveniens* grounds arises "when an alternative forum has jurisdiction to hear [the] case," after which the court must balance the doctrine's private and public factors. *Sinochem*, 549 U.S. at 429. The linchpin of the Supreme Court's jurisprudence is the alternative foreign forum's *jurisdiction* to hear a case, not whether the foreign court can grant all of the relief requested.

By contrast, *TMR Energy*, which Judge Leon felt constrained to follow in his District Court opinion in *BSDL*, established a bright-line rule that a foreign forum could never be adequate to hear a case seeking "to attach the commercial property of a foreign nation located in the United States – "[e]ven if the [foreign state] currently has no attachable property in the United States." *TMR Energy*, 411 F.3d at 303. This rule, which effectively renders the *forum non conveniens* doctrine a nullity, is simply incompatible with *Sinochem*. As the Second Circuit observed in rejecting TMR Energy's holding, "every suit having the ultimate objective of executing upon assets located in this country could never be dismissed because of FNC." *Figueiredo Ferraz E Engenharia de Projeto Ltd. v. Rep. of Peru*, 665 F.3d 384, 390 (2d Cir. 2011).

Because of the incompatibility of the *BSDL* panel's opinion with controlling Supreme Court authority, this court should not view *BSDL* as relevant authority until after the D.C. Circuit rules on the forthcoming Petition for Rehearing *En Banc*.

Dated:  August 7, 2015

Respectfully submitted,

/s/ Creighton R. Magid
CREIGHTON R. MAGID #476961
Dorsey & Whitney LLP
1801 K Street, N.W., Suite 750
Washington, D.C.  20006
Telephone:  (202) 442-3555
Fax:  (202) 442-3199
magid.chip@dorsey.com

JUAN C. BASOMBRIO (admitted *pro hac vice*)
Dorsey & Whitney LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA  92626
Telephone:  (714) 800-1405
basombrio.juan@dorsey.com

Counsel for Respondent
**GOVERNMENT OF BELIZE**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of August, 2015, I electronically filed the foregoing RESPONSE OF GOVERNMENT OF BELIZE TO NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of the Court for the United States District Court for the District of Columbia using the CM/ECF system, which automatically served opposing counsel in this case.

        /s/ Creighton R. Magid_____
        Creighton R. Magid